**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SARAH TOMPKINS, §<br>§<br>Plaintiff, §<br>§ CIVIL ACTION NO. _____<br>vs. §<br>§<br>ABLE PLANET, INC.; §<br>AMAZON.COM, INC.; §<br>CENTURY MARTIAL ART SUPPLY, LLC; § Jury Trial Demanded<br>MORNINGWARE, INC.; §<br>TARGET STORES, INC.; §<br>WAL-MART STORES, INC. , §<br>§<br>Defendants. | |

**ORIGINAL COMPLAINT FOR FALSE PATENT MARKING**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Sarah Tompkins ("Plaintiff"), by and through her undersigned attorney, hereby files this Original Complaint against Defendants Able Planet, Inc.; Amazon.com, Inc.; Century Martial Art Supply, LLC; Morningware, Inc.; Target Stores, Inc.; and Wal-Mart Stores, Inc. (collectively "Defendants"), and alleges as follows:

### I.   PARTIES

1.   Plaintiff is an individual residing in this District.

2.   Upon information and belief defendant Able Planet, Inc. ("Able Planet") is a corporation organized under the laws of the State of Delaware and has its principal place of business at 9500 W. 49th Ave., Bldg. B-102, Wheat Ridge, CO 80033. Able Planet does business in the State of Texas and in the Eastern District of Texas. Able Planet may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

3. Upon information and belief defendant Amazon.com, Inc. ("Amazon.com") is a corporation organized under the laws of the State of Delaware and has its principal place of business at 1200 12th Ave. South, Suite 1200, Seattle, WA 98144-2734. Amazon does business in the State of Texas and in the Eastern District of Texas. Amazon may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. Upon information and belief defendant Century Martial Art Supply, LLC ("Century") is a corporation organized under the laws of the State of Oklahoma and has its principal place of business at 1000 Century Blvd, Oklahoma City, OK 73110. Century does business in the State of Texas and in the Eastern District of Texas. Century may be served with process through its registered agent, John Roddy Bates, 1141 N Robinson Ste 300, Oklahoma City, Oklahoma, 73103.

5. Upon information and belief defendant Morningware, Inc. ("Morningware") is a corporation organized under the laws of the State of Illinois and has its principal place of business at Suite 119, 1699 Wall St., Mt. Prospect, Illinois 60056. Morningware does business in the State of Texas and in the Eastern District of Texas. Morningware may be served with process through its registered agent, Soojin Sul, 8056 W Addison St., Chicago, Illinois 60634.

6. Upon information and belief defendant Target Corporation ("Target") is a corporation organized under the laws of the State of Minnesota and has its principal place of business at 1000 Nicollet Mall TPN 0945, Minneapolis, Minnesota 55403. Target does business in the State of Texas and in the Eastern District of Texas. Target may be served with process through its registered agent, C T Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

7. Upon information and belief defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation organized under the laws of the State of Delaware and has its principal place of business at 702 SW 8th Street, Dept 8687 #0555, Bentonville, Arkansas 72716-0555. Wal-Mart does business in the State of Texas and in the Eastern District of Texas. Wal-Mart may be served with process through its registered agent, C T Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## II.  JURISDICTION AND VENUE

8. This is an action for false patent marking arising under 35 U.S.C. §292. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §§1331 and 1338. Each Defendant conducts business within the State of Texas and within this District. Each Defendant has committed acts of false marking in violation of 35 U.S.C. §292 within the State of Texas and within this District. The Court has general and/or specific personal jurisdiction over each Defendant. Venue is proper pursuant to 28 U.S.C. § 1391.

## III.  FACTS

9. As is further explained in the counts below, each Defendant has engaged in false patent marking under 35 U.S.C. §292 by advertising its products, or products of others for sale, as being protected by patent when, in fact, no patent exists which protects the product or the portion of the product claimed to be patented.

## IV.  COUNT ONE

**FALSE MARKING PURSUANT TO 35 U.S.C. §292 REGARDING ABLE PLANET NOISE CANCELING HEADPHONES**

10. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-9 of this Complaint and further allege as follows:

11.     Defendants Amazon.com, Target, and Wal-Mart each advertise, on their respective websites, Able Planet Noise Canceling Headphones as having "Patented LINX Audio" technology.  Upon information and belief, Defendant Able Planet manufactures the advertised headphones and was involved in the creation of the aforementioned advertisements.

12.     Despite a diligent search, Plaintiff was unable to locate any patent owned or otherwise affiliated with Able Planet with claims that could be construed as protecting technology for the advertised headphones.[1]  Further, Able Planet's website indicates that patent protection for its LINX Audio technology is pending.  Based on said search and website, Plaintiff believes and thereupon alleges that no such patent exists.

13.     In advertising the Able Planet Noise Canceling Headphones as patented, none of Defendants Amazon.com, Target, Wal-Mart, or Able Planet included a patent number or made any attempt to comply with the marking provisions of 35 U.S.C. § 387(a).  Rather, Defendants Amazon.com, Target, Wal-Mart and Able Planet indicate in advertising that the Able Planet Noise Canceling Headphones were patented, when, in fact they are not, for the purpose of deceiving the public in violation of 35 U.S.C. §292.

14.     This cause of action relates to at least the following products of Able Planet: Able Planet Clear Harmony headphones, Able Planet Headphones model NC600, Able Planet Clear Harmony Behind the Head Stereo Headphones, and may relate to similar models also advertised by one or more of the Defendants.

---

[1] Plaintiff has limited the search to U.S. patents as Plaintiff believes that 35 U.S.C. §292 requires the marked or advertised products to be protected by U.S., rather than foreign, patents.  Further, Plaintiff recognizes that applicable patents may be licensed or assigned, but that such license or assignment may not be recorded with the U.S. Patent and Trademark Office.  Plaintiff encourages any Defendant who believes a that it or its supplier owns or is licensed under a valid patent covering the marked or advertised product to provide evidence of such ownership or license prior to the answer date so that Plaintiff may dismiss any relevant claims, if appropriate.

## V.   COUNT TWO

**FALSE MARKING PURSUANT TO 35 U.S.C. §292 REGARDING CENTURY PUNCHING BAGS**

15. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-14 of this Complaint and further alleges as follows:

16. Defendant Target advertises on its website certain punching bags manufactured by Defendant Century as having a patented base.  Upon information and belief, Defendant Century was involved in the creation of the aforementioned advertisement.

17. Despite a diligent search, Plaintiff was unable to locate any patent owned or otherwise affiliated with Defendant Century with claims that could be construed as protecting technology for the base of the punching bag shown in the aforementioned advertisement.  Based on said search, Plaintiff believes, and thereupon alleges, that no such patent exists.

18. In advertising that certain aspects of the Century punching bags are patented, neither of Defendant Target nor Defendant Century included a patent number or made any attempt to comply with the marking provisions of 35 U.S.C. § 387(a).  Rather, Defendants Target and Century indicate in advertising that certain aspects of the Century punching bags are patented, when, in fact, they are not, for the purpose of deceiving the public in violation of 35 U.S.C. §292.

19. This cause of action relates to at least the following products of Century: Century Wavemaster Super X 4-pc. Combo, Century Original Wavemaster, and may relate to similar products manufactured by Century and advertised by one or more Defendant.

## VI.   COUNT THREE

**FALSE MARKING PURSUANT TO 35 U.S.C. §292 REGARDING HALOGEN OVEN BY MORNINGWARE**

20. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-19 of this Complaint and further allege as follows:

21. Defendant Target advertises on its website that a certain halogen oven manufactured by Defendant Morningware includes a "patented infrared powerhead with interior light." Upon information and belief, Defendant Morningware was involved in the creation of the aforementioned advertisement.

22. Despite a diligent search, Plaintiff was unable to locate any patent owned or otherwise affiliated with Morningware with claims that could be construed as protecting technology for an infrared powerhead with interior light. Based on said search, Plaintiff believes, and thereupon alleges, that no such patent exists.

23. In advertising that certain aspects of the Morningware halogen oven are patented, neither of Defendant Target nor Defendant Morningware included a patent number or made any attempt to comply with the marking provisions of 35 U.S.C. § 387(a). Rather, Defendants Target and Morningware indicate in advertising that certain aspects of the Morningware halogen oven are patented, when, in fact, they are not, for the purpose of deceiving the public in violation of 35 U.S.C. §292.

24. This cause of action relates to at least the following product of Morningware: Morningware Halo Oven, and may relate to similar products manufactured by Morningware and advertised by one or more Defendant.

**PLAINTIFF'S PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment as follows:

a. Declare that each Defendant has engaged in false marking in violation of 35 U.S.C. §292 as alleged above;

      b.      Order each Defendant to pay a monetary fine of $500 per false marking offense or an alternative amount as determined by the Court, one-half of which shall be paid to the United States;

      c.      Enjoin each Defendant from continuing the violations of 35 U.S.C. §292 as alleged above;

      d.      Grant Plaintiff such other relief as the Court may deem just and equitable.

Date:  February 23, 2010                          Respectfully submitted,

                                                  /s/George Tompkins/
                                                  George M. Tompkins, TXBN 24029864
                                                  Tompkins P.C.
                                                  825 Market Street, Building M, Suite 250
                                                  Allen, Texas  75013

                                                  **ATTORNEY FOR PLAINTIFF**